## UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02453-CNS-GPG

| |
|---|
| Macushla Baumann, |
| individually and on behalf of all others similarly situated, |
| Plaintiff, |
| -v.- |
| Professional Finance Company, Inc., |
| Defendants. |

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Rule 26(f) meeting was held on January 4, 2023, between Yaakov Saks, on the Plaintiff's behalf, and Nick Prola, on the Defendant's behalf. However, the parties exchanged correspondence during the weeks beforehand.

For the Plaintiff:

Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, New Jersey 07061
(201) 282-6500 ext. 145
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com

For Defendant:

Nicholas Prola, Esq.
Professional Finance Company, Inc.
5754 W. 11th St., Suite 100
Greeley, CO 80634
(970) 347-5316
nprola@pfcusa.com

## 2. STATEMENT OF JURISDICTION

The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over the State law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is a substantial part of the events or omissions giving rise to the claim occurred and where the Plaintiff resides. Defendant reserves the right to raise issues of Subject Matter Jurisdiction as discovery in this matter progresses.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt

Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt. Defendant violated the aforementioned sections by making false or misleading representations unfairly claiming interest was accruing although no further interest was sought.

Pursuant to 15 U.S.C. § 1692g an initial communication with a debtor regarding a debt must state the amount of the debt. Defendant violated this section by failing to provide the amount of the debt, and overshadowing, confusing, misrepresenting, and/or clouding the amounts stated, in violation of § 1692g (a)(1) by claiming the balance would increase.

The harms caused by the Defendant have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts. As it relates to this case, the

common-law analogues are to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

b. Defendants:

Defendant has filed a Motion to Dismiss for Failure to State a Claim Pursuant to Fed. R. Civ. Proc. 12(b)(6) and believes that the facts as alleged by Plaintiff that interest has not and will not accrue fails to state a claim under the FDCPA.

Further, Defendant denies that any fact as alleged violates the FDCPA and believes that Plaintiff has suffered no injury-in-fact to grant this Court subject matter jurisdiction of Plaintiff's claims.

c. Other Parties:

N/A

## 4. UNDISPUTED FACTS

The following facts are undisputed:

Plaintiff is a "Consumer" as defined under the FDPCA.

Defendant is a "debt collector" as defined under the FDCPA.

The alleged debt at issue is defined as a "debt" under the FDCPA.

Defendant sent the Plaintiff a collection letter on or about February 4, 2022 ("Letter") regarding the alleged debt. See Letter attached to the Complaint as Exhibit A.

The Letter states, "Because interest is charged on the debt from the date it was placed for collections, the amount will increase daily because interest charges will continue to accrue. After the date of this letter, the amount due on the day you pay may be greater."

## 5. COMPUTATION OF DAMAGES

Actual damages. Plaintiff seeks damages caused by Defendant for, inter alia, mental and emotional stress, mental and emotional fear, anxiety, increased heartrate, lost sleep, and wasted time, money and effort. At this time, these damages are not based upon documents or other materials other than Plaintiff's personal testimony. These damages are likewise not subject to precise calculation. However, a jury verdict regarding this element of damages could range between $1,000 and $20,000.

Statutory damages as provided for in 15 U.S.C. § 1692k(a)(2)(A), in an amount as the Court may allow, but not exceeding $1,000.00.

Alternatively, in the event of class certification, damages as provided for in 15 U.S.C. § 1692k(a)(2)(B) in, (i) such amount for each named plaintiff as could be recovered under 15 U.S.C. § 1692k(a)(2)(A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

Costs of this action together with a reasonable attorneys' fee as determined by the Court. In the event of class certification, attorneys' fees commensurate with class representation.

Defendant is not seeking damages in this action, except for attorney's fees and

costs that may be available under 15 U.S.C. §1692k(a)(3).

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

b. Names of each participant and party he/she represented.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The Rule 26(f) meeting was held on January 4, 2023, between Yaakov Saks, on the Plaintiff's behalf, and Nick Prola, on the Defendant's behalf. However, the parties exchanged correspondence during the weeks beforehand. Rule 26(a)(1) disclosures were made or will be made on January 4, 2023.

For the Plaintiff:

Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, New Jersey 07061
(201) 282-6500 ext. 145
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com

For Defendant:

Nicholas Prola, Esq.
Professional Finance Company, Inc.
5754 W. 11th St., Suite 100
Greeley, CO 80634
(970) 347-5316
nprola@pfcusa.com

    d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

N/A

    e. Statement concerning any agreements to conduct informal discovery:

N/A

    f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

N/A

    g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

N/A. The parties do not anticipate extensive electronically stored information, and to the extent applicable, pdf copies will suffice for this action.

    h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The parties have been actively discussing the case, including the potential for settlement. The parties will continue to do so and do not request alternative dispute resolution.

## 7. CONSENT

    All parties    X [have not] consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

    N/A.    No more than 6 depositions per side.

b. Limitations which any party proposes on the length of depositions.

7 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

25 as to both.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

June 15, 2023.

e. Other Planning or Discovery Orders

March 15, 2023 for the filing of a protective order.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

March 1, 2023

b. Discovery Cut-off:

July 15, 2023

c. Dispositive Motion Deadline:

August 15, 2023

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any.

N/A

2. Limitations which the parties propose on the use or number of expert witnesses.

        N/A

        3.    The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ___, 20___.

        N/A

        4.    The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before ___, 20_____.

        N/A

    e.    Identification of Persons to Be Deposed:

        Macushla Baumann – 7 hours maximum

        Derrik Garhart    - 7 hours maximum
        Sr. Director of Recovery
        Professional Finance Company, Inc.

        Additional witnesses that may be disclosed by parties in the discovery process and to be determined in the course of discovery.

## 10. DATES FOR FURTHER CONFERENCES

a.    Status conferences will be held in this case at the following dates and times:

    Discovery update memo to be filed no later than 60 days before close of discovery.

b.    A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a.    Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

N/A

b. Anticipated length of trial and whether trial is to the court or jury.

2 day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

The parties defer to the Court.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 11 day of January, 20 23.

BY THE COURT:

United States Magistrate Judge
Gordon P. Gallagher

APPROVED:

Dated: January 4, 2023

**Stein Saks, PLLC**

s/ Yaakov Saks_____
By: Yaakov Saks, Esq.
One University Plaza, Suite 620
Hackensack, New Jersey 07061
(201) 282-6500 ext. 145
Fax: (201) 282-6501
ysaks@SteinSaksLegal.com

*Attorneys for Plaintiff*

**Professional Finance Company, Inc.**

By: /s/ Nicholas J. Prola_____
Nicholas J. Prola
Professional Finance Company, Inc.
5754 W. 11th St., Ste. 100
Greeley, CO 80634
(970) 347-5316
nprola@pfcusa.com

*Attorney for Defendant*