IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-02453-CNS-GPG

**Macushla Baumann**,

individually and on behalf of all others similarly situated

       Plaintiff,

v.

**Professional Finance Company, Inc.**,

       Defendant.

---

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FED.R.CIV.P. 12(b)(6)**

---

COMES NOW, Defendant Professional Finance Company, Inc., ("Defendant"), by and through its counsel, Nicholas Prola, and respectfully submits this Reply in Support of Defendant's Motion to Dismiss Plaintiff's Complaint:

### I.    ARGUMENT

**A.    The Factual Allegations Present in the Waiver Cases Cited in Plaintiff's Response Illustrate that Plaintiff's Complaint Fails to State a Claim as a Matter of Law.**

Plaintiff's Complaint states only that "no interest is actually being charged at this time or will be charged in the future" and that "the representation that interest is accruing is

1

therefore false." (Compl. ¶ 28-29). As a result, "Plaintiff is therefore unable to evaluate how much is truly being alleged as the correct balance and is being misled as to the total owed" leading to Plaintiff being materially misled as to the debt. (Compl. ¶ 33).

Plaintiff fails to explain in any manner in the Complaint *why* plaintiff contends "no interest is actually being charged at this time or will be charged in the future", when such statement is entirely contradicted by Plaintiff's Exhibit A. Exhibit A clearly states that interest has accrued and is accruing. (Compl. ¶ 28; Exhibit A).

In its Response, Plaintiff attempts to support its allegation that "no interest is being charged" by Defendant by merely referring, out of the blue, to an alleged waiver of interest by Creditor Valley View Hospital ("Valley View"). Specifically, Plaintiff argues that "Valley View had previously waived its ability to collect interest. . ." and that ". . . Valley Hospital's refusal to impose interest is a permanent bar to all future interest accruals which Defendant . . . is bound by." Plaintiff's Response, Doc. 27, Pg. 10, ¶1).

First, we now have Plaintiff's unequivocal admission that the sole basis for their claim that Defendant cannot charge or accrue interest is the unsupported contention (raised for the first time in this case in Plaintiff's Response) that Valley View purportedly chose to defer the charging of interest. Absent from Plaintiff's Complaint is any allegation or mention that creditor Valley View previously did or did not charge interest, whether any such interest was statutory or contractual, or whether Valley View took any action to waive interest as to Plaintiff's debt. Finally, there is no support for a claim that Valley View's alleged waiver of interest somehow operates as a bar to its agent from pursuing interest and Plaintiff fails to cite to any authorities in support of these untenable positions. And, since all of the plaintiff's allegations regarding what Valley View did or did not do have no evidentiary support of any kind, are not contained within

the four corners of Plaintiff's Complaint, and have nothing to do with Defendant's Motion to Dismiss, such statements must be ignored.  Plaintiff's Complaint is completely devoid of any discussion about what Valley View's actions were and any other facts from which an allegation that Valley View waived statutory interest could arise are absent.

Plaintiff's Response focuses on summary judgment cases where the plaintiffs had specifically alleged that contractual interest was waived by the original creditor and was then later attempted to be collected by a debt collector, i.e., allegations absent from this Plaintiff's complaint.  For example, in Gomez v. Cavalry Portfolio Servs., LLC, the plaintiff alleged that "[b]etween the date the account was charged off and the date BOA sold the account to Cavalry SPV, BOA waived all interest and finance charges. And after purchase, defendants [illegally] added interest to the account for the period when BOA held the account that BOA had not added." 14-CV-09420, 2018 WL 4590026 (N.D. Ill. Sept. 24, 2018) ("Third Amended Complaint", *GOMEZ v. Cavalry Portfolio Servs., LLC* (Court Filing), N.D.I.L, vol. No. 1:14-cv-09420, no. Docket 99, May 11, 2017 at ¶¶ 35-36.).  No allegations that are remotely close to those raised in Gomez are present in Plaintiff's Complaint.

Similarly, in Simkus v. Cavalry Portfolio Servs., LLC, the plaintiff included factual allegations that "Defendant Cavalry Portfolio Services . . . engages in a practice of adding [illegal] interest to credit card debts after the assignor bank has waived the interest."  12 F. Supp. 3d 1103 (N.D. Ill. 2014) ("Second Amended Complaint", *SIMKUS  v. Cavalry Portfolio Servs., LLC* (Court Filing), N.D.I.L, vol. No. 1:11-cv-007425, no. Docket 99, November 12, 2012 at ¶ 49.).  Again, Plaintiff's Complaint lacks any similar factual allegations like those stated in Simkus.

Neither of the above cases address whether the absence of factual allegations in this

3

case are sufficient to survive a motion to dismiss.  Plaintiff's threadbare allegations that "no interest is actually being charged at this time or will be charged in the future" and "[t]he representation that interest is accruing is therefore false" does not mean that Valley View waived contractual interest, that Defendant attempted to illegally collect waived contractual interest, that Valley View waived or could waive statutory interest, or that either Valley View or Defendant were somehow prohibited from seeking statutory interest under Colo. Rev. Stat. 5-12-102(2) from Plaintiff.  (Compl. ¶ 28-29).

Plaintiff's discussion of Terech v. First Resolution Mgmt. Corp., further illustrates the deficiencies in Plaintiff's Complaint.  854 F. Supp. 2d 537 (N.D. Ill. 2012).  In Terech, the Court examined the plaintiff's "detailed allegations about what banks commonly do— waiving interest on charged-off accounts to minimize the amount of 'bad debt' on their books."  Id at 542.  The court determined that these detailed allegations were "sufficient to create more than 'a sheer possibility' that any interest was waived." Id.   However, the court did not, as Plaintiff argues, find that "the plaintiff has established waiver exclusively from the original creditor's failure to impose interest over the periods at issue." Plaintiff's Response, Doc. 27, Pg. 11, ¶1.  Rather, the court considered allegations such as: "for a variety of sound business reasons, most banks waive interest on credit card debts after chargeoff", "[defendant] engages in a practice of adding interest to credit card debts after the assignor bank has waived the interest",  and"[b]etween the date the account was charged off and the date U.S. Bank sold the debt to Unifund CCR Partners, U.S. Bank waived all interest and finance charges on the account".  ("Amended Complaint", *TERECH  v. First Resolution Mgmt. Corp.* (Court Filing), N.D.I.L, vol. No. 1:11-cv-04076, no. Docket 51, September 21, 2011 at ¶¶ 26, 30, and 44).

Plaintiff's complaint is devoid of any of the detailed allegations examined in Terech, Gomez, or Simkus. And none of those cases remotely discussed a creditor's waiver of its own interest versus a collection agency's right to collect Colorado statutory interest. Again, Plaintiff's complaint only states that "no interest is actually being charged". (Compl. ¶ 28). Plaintiff's allegations are the exact type of "[c]onclusory statements, threadbare recitals of elements, and legal conclusions" that "are not entitled to a presumption of truth." Little v. Portfolio Recovery Associates, LLC, 548 Fed. Appx. 514, 515 (10th Cir. 2013) *citing* Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). As a result, Plaintiff's Complaint must be dismissed for failing to state a claim upon which relief may be granted.

**B.      Plaintiff's Response Reveals the Futility in Amending the Complaint as Defendant is not Prohibited from Collecting Statutory Interest.**

"A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006). Although there are no allegations that state a claim in Plaintiff's Complaint, and the facts and evidence are absent from the Complaint, Plaintiff's Response attempts to manufacture an FDCPA claim based upon the alleged prior waiver of interest by Valley View. Plaintiff admits that "Defendant had a right to impose statutory interest at the rate of 8% in the absence of an agreement under Colo. Rev. Stat. 5-12-102(2)." Plaintiff's Response, Doc. 27, Pg. 12, ¶1. So, anything Valley View did or did not do is irrelevant.

Plaintiff's Response includes the conclusory statements that "Plaintiff has established the key evidence of waiver" and that "Plaintiff has sufficiently established waiver by the fact that Valley View Hospital plainly failed to impose interest…" Plaintiff's Response, Doc. 27, Pg. 13,

¶1 and Pg. 14, ¶3.  Again, Plaintiff's Complaint contains no such allegations and does not establish evidence of any kind regarding a waiver of the right charge interest.

Colorado's statutory interest provision, Colo.Rev.Stat. 5–12–102(2), states that:

"When there is no agreement as to the rate thereof, creditors shall be allowed to receive interest at the rate of eight percent per annum compounded annually for all moneys after they become due on any bill, bond, promissory note, or other instrument of writing, or money due on mutual settlement of accounts from the date of such settlement and on money due on account from the date when the same became due."

Courts interpreting similar interest statutes in other states have held that pre-judgment statutory interest may be added to debts that have been previously charged off.  For example, the Missouri interest statute states that "[c]reditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon[.]" Mo. Rev. Stat. § 408.020. *See* Haney v. Portfolio Recovery Assocs., LLC, 895 F.3d 974, 983 (8th Cir. 2016) ( "Missouri statutory prejudgment interest remains available following the charge-off of a credit-card debt."). The Kansas iteration of the statute says, "[c]reditors shall be allowed to receive interest at the rate of ten percent per annum, when no other rate of interest is agreed upon[.]" K.S.A. 16-201. Further, "simply because the original creditors charged off the accounts and stopped sending month[ly] statements does not preclude the assignee of the accounts from seeking to collect interest."  Bunce v. Portfolio Recovery Assocs., LLC, 2014 WL 5849252, at *3 (D. Kan. Nov. 12, 2014).

Even where factual allegations that the original creditor waived interest are present, the alleged collection of statutory interest does not state a claim for a violation of the FDCPA.  In a case from within this Circuit, Walkabout v. Midland Funding LLC, the Court considered whether allegations that contractual interest had been waived by the original creditor prior to the sale of the debt to a debt purchaser, along with the subsequent collection of statutory interest by the

purchaser, stated a claim for relief under the FDCPA. CIV-14-939-M, 2016 WL 1169540 (W.D. Okla. Mar. 22, 2016).  The Oklahoma interest statute examined in Walkabout states that "[t]he legal rate of interest shall be six percent (6%) in the absence of any contract as to the rate of interest, and by contract the parties may agree to any rate as may be authorized by law, now in effect or hereinafter enacted." Okla. Stat. Ann. tit. 15, § 266 (West).  In reviewing the statute, the Court held that the subsequent owner of a debt was permitted to charge and collect statutory interest even when the original creditor waived its right to charge contractual interest.  Id at *4.

From Plaintiff's Response brief, it is clear Plaintiff seeks to go down a similar path of falsely alleging that prior waiver of interest prohibits the subsequent collection of statutory interest.  See Plaintiff's Response, Doc. 27, Pg. 1, ¶2 ("it is clear that Valley View Hospital has waived any interest it could have collected, and Defendant PFC, as Valley View Hospital's agent, is forever barred from collecting that interest by operation of that waiver.").  However, the only support for such a claim is based on particular language in the Kentucky statutory interest statute, which is wholly inapplicable to this matter. See Stratton v. Portfolio Recovery Associates, LLC, 770 F.3d 443, 447 (6th Cir. 2014), as amended (Dec. 11, 2014) (concluding that the statutory rate of interest falls away entirely at the time the parties contract for a different rate.); See also Bunce, 2014 WL 5849252, at *4. ("The Sixth Circuit's decision in Stratton turned on a unique feature of the Kentucky interest statute[.]" ).

Courts have consistently determined that where a statutory interest provision lacks the unique "shall be bound language" contained in the Kentucky statute, post charge-off statutory interest is not waived.  Id.  Colorado's statutory interest provision, like that of Missouri's and Kansas's, lacks such language and permits the collection of statutory interest regardless of any claim of waiver.  Colo.Rev.Stat. 5–12–102(2).  As a result, despite any actions taken or not taken

by Valley View with regard to interest, Defendant is not prohibited from collecting statutory interest under Colorado law or the FDCPA.

As Plaintiff presents no support for the claim that statutory interest is waived by the original creditor's prior waiver of interest, and Colorado's statutory interest provision falls within the purview of such cases finding no violation of the FDCPA for the collection of statutory interest, Plaintiff's Complaint should be dismissed with prejudice as amendment to Plaintiff's Complaint based on such allegations would be futile.

## II.

## V.    CONCLUSION

Plaintiff's Complaint fails to plead a set of facts upon which relief can be granted under F.R.C.P. 12(b)(6). Plaintiff's factual allegations fail to state a claim under the FDCPA. Plaintiff's "[c]onclusory statements, threadbare recitals of elements, and legal conclusions" are "devoid of further factual enhancement" and are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Plaintiff respectfully requests this Honorable Court to dismiss the entirety of Plaintiff's complaint under F.R.C.P. 12(b)(6) with Prejudice.

Dated this 23rd day of March 2023.

        Respectfully Submitted,

        Professional Finance Company, Inc.

        By: /s/ Nicholas J. Prola_____
        Nicholas J. Prola
        Professional Finance Company, Inc.
        5754 W. 11th St., Ste. 100
        Greeley, CO 80634
        Telephone: (970) 347-5316
        nprola@pfcusa.com
        Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I, Nicholas J. Prola, hereby certified that on March 23rd, 2023, I electronically filed the foregoing Motion with the Clerk of Court using the CM/ECF System.  Service of this filing will be made by the CM/ECF notification system to the following e-mail addresses:

Yaakov Saks, Attorney for Plaintiff
Stein Saks, PLLC
ysaks@steinsakslegal.com


                                       /s/ Nicholas J. Prola